UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOMMY EARL JONES, | ) |
| Plaintiff, | ) No. 3:12-cv-00519 |
| | ) Judge Haynes |
| v. | ) |
| INNOCENTES SATOR and DESIREE ANDREWS, | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Tommy Earl Jones, an inmate at the Riverbend Maximum Security Institution ("RMSI") filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Dr. Innocentes Sator and Desiree Andrews, health officials at RMSI. Plaintiff asserts claims for received inadequate medical treatment and diet for his Crohn's Disease for which Plaintiff seeks unspecified relief. (Docket Entry No. 1). Plaintiff also alleges that his grievances have not been responded to properly. Id. The Plaintiff seeks unspecified relief.

### 1. Analysis of the Complaint

According to the complaint, Plaintiff has Crohn's Disease, an inflammatory disease of the intestines. According to the complaint and attachments thereto, since late 2009, Plaintiff alleges that at RMSI his food is served with spices and acids, such as tomatoes, that exacerbate the problems caused by his disease. Plaintiff has to wash his food to eat his meals. Plaintiff filed grievances at RMSI regarding the foods served to him. Plaintiff alleges that he should be served a special diet. Plaintiff also alleges that he has not received "adequate" medical care, and that his grievances have

1

not been responded to in a timely manner. (Docket No. 1 at p. 5 and Attachs.). In a December 20, 2010 response to one of Plaintiff's grievances, Dr. Sator wrote, Plaintiff that: "We do not put Crohn's patients on any special diet. There are no special restrictions unless you have certain conditions or deficiencies - like lactose deficiency - we get you off milk or dairy products." (Docket Entry No. 1, Complaint Attachment thereto, Grievance dated December 15, 2010).

## 2. Conclusions of Law

Under the Prison Litigation Reform Act (PLRA), the district court must screen any complaint filed by a prisoner against a governmental entity or official or employee of a governmental entity before the complaint is filed or as soon as practicable after docketing. 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, the court "shall" identify cognizable claims or dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *McGore*, 114 F.3d at 612. Thus, the Court must screen the Plaintiff's complaint.

For his claim under Section 1983, Plaintiff must allege a violation of a right secured by the federal Constitution or laws and the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Finally, the plaintiff's factual allegations must describe a "plausible" basis

2

for the violation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

First, the complaint specifically alleges that the Plaintiff wishes "to challenge the adequacy of the care provided." (Docket No. 1 at p. 5). To establish a violation of his constitutional rights resulting from a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Here, the Plaintiff does not allege that the Defendants failed to provide the Plaintiff with medical treatment for his condition. Instead, the Plaintiff concedes that he has received some medical attention, but disputes the "adequacy" of the medical treatment he has received. The Court concludes that the Plaintiff's allegations are insufficient to state a claim as a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation.

The Plaintiff's second claim is that he is not receiving an appropriate diet for his medical condition. Specifically, the Plaintiff states that the spices and foods served by the facility exacerbate the problems caused by his Crohn's disease. As quoted supra at 2, in response to Plaintiff's grievance about his diet, Dr. Sator responded "we do not put Crohn's patients on any special diet. There are no specific restrictions unless you have certain conditions or deficiencies like lactose

deficiencies -- we get you off milk or dairy products." (Docket Entry No. 1, Complaint Attachment of December 15, 2012 Grievance).

Under the Eighth Amendment, state officials are only required to provide prisoners with adequate food. *Farmer*, 511 U.S. at 832; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also requires only that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)(holding that to comply with the Constitution, inmates must receive "reasonably adequate" food).

Plaintiff's allegations about his food are that for fourteen (14) months, he has been "washing spices off" the food served to him to prevent Crohn's disease flare-ups. Plaintiff, however, does not allege that he is unable to eat the food or that he has suffered any flare-ups as a result of the food. As such, these allegations fail to state claims upon which relief can be granted; these Eighth Amendment claims therefore will be dismissed.

Plaintiff's third claim is that his grievances have not resolved in a timely manner. Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40

F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff cannot support his § 1983 claim on the grounds that the various defendants' responses to his grievance was not as he felt it ought to have been. Accordingly, any such claims in the complaint will be dismissed for failure to state claims upon which relief can be granted.

For these reasons the Court concludes that the Plaintiff's complaint fails to state claims upon which relief can be granted and this action should be dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the ____ day of May, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge