UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOMMY EARL JONES, | ) |
| Plaintiff, | ) No. 3:12-cv-00519 |
| | ) Judge Haynes |
| v. | ) |
| INNOCENTES SATOR and DESIREE ANDREWS, | ) |
| Defendants. | ) |

## ORDER

Plaintiff, Tommy Earl Jones, an inmate at the Riverbend Maximum Security Institution, filed this *pro se* action under 42 U.S.C. § 1983 against Defendants: Dr. Innocentes Sator and Desiree Andrews. (Docket No. 1). The Plaintiff has filed an application to proceed *in forma pauperis*. (Docket No. 2).

It appears from the Plaintiff's application that he lacks sufficient resources to pay the filing fee in this matter. Accordingly, the Plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

(a)  twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust fund account; **or**

(b)  twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly

income, or income credited to the Plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.*

The Clerk is **DIRECTED** to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of the Plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the Plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the Plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Pursuant to 28 U.S.C. § 1915A and in accordance with the Memorandum filed herewith, this action is **DISMISSED** for Plaintiff's failure to state claims upon which relief may be granted. 28 U.S.C. § 1915A. Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the Plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

Entered this the \_\_\_30th\_\_\_ day of \_\_\_May\_\_\_, 2012.

William J. Haynes, Jr.
United States District Judge